UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GARY LESSOR,

    Plaintiff,

v.                                        Case No. 5:09-cv-507-Oc-23GRJ

BRAD KING, et al.,

    Defendants.
_____/

## **ORDER DISMISSING CASE**

The plaintiff initiated this case by filing both a prisoner civil rights complaint and a motion for leave to proceed as a pauper (Docs. 1 and 2). The plaintiff sues State Attorney Brad King and Assistant State Attorneys Ric Ridgway, Toby Hunt, and Elizabeth Gibson.

## **Review of *In Forma Pauperis* Cases**

The complaint is subject to summary dismissal before service of process pursuant to Title 28 U.S.C. § 1915(e)(2), which provides in pertinent part that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir.1997) ("The

language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). If the facts alleged, if proven, will not justify recovery, an order of dismissal under Section 1915(e)(2)(B) is warranted. Although a pro se complaint receives a more lenient construction than a pleading by a lawyer, the construction is not standardless. See Tannenbaum v. United States, 148 F.3d 1262 (11th Cir. 1998).

## **Discussion**

In any Section 1983 action, the initial inquiry must focus on (1) whether the defendant acted under color of state law and (2) whether the defendant deprived a person of a right, privilege, or immunity guaranteed under the Constitution or laws of the United States. Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.1996); see also Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir.1995). If either element is missing, the claim fails.

The plaintiff's claims against the defendants arise from the prosecutors' declining to charge criminally a person the plaintiff alleges "spit in my face." Based on the plaintiff's allegations, the court finds that the plaintiff has failed to show the elements required by Section 1983. A state prosecutor enjoys absolute immunity for an act undertaken as an advocate for the state. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Because the only defendants named in the complaint enjoy immunity, the plaintiff's action is dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii). No prospective amendment can cure the deficiency in the complaint.

## **Conclusion**

This case is **DISMISSED**. The Clerk is directed to enter judgment dismissing for the failure to state a claim upon which relief can be granted. The Clerk shall terminate any pending motion and close the case.

ORDERED in Tampa, Florida, on March 19, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

xc: Gary Lessor